UNITED SERVICES AUTOMOBILE ASSOCIATION, Respondent, *v.* DAVID SPYRES et al., Defendants, and PAMELA A. DAVIS et al., Appellants.

Fourth Department, May 14, 1970.

*Miller, Bouvier, O'Connor & Ulsh* (*Gerald Bouvier* of counsel), for Government Employees Insurance Company, appellant.

*Garvey, Magner, Vispi & Sullivan* for Pamela A. Davis and another, appellants.

*McKee, Phelps & Bowman* for David Spyres and others, defendants.

*Barlow, Miller, Rosenthal & Siegel* for Charles P. Davis, defendant.

*Miles, Cochrane, Grosse, Rossetti & Lord* (*J. Couper Lord* of counsel), for respondent.

*Per Curiam.* Defendants Pamela and Lawrence Davis and Government Employees Insurance Company appeal from a judgment of Erie Trial Term which declared that the defendant insurance company was the insurer of a Ford automobile when it was involved in a collision with a pedestrian on June 4, 1966, and further declared that plaintiff was not obligated to defend any action or pay any judgment resulting from the collision.

The judgment is based on findings of the trial court that on June 2, 1966, appellants Pamela and Lawrence Davis who then owned the Ford automobile and were insured against liability by plaintiff transferred it to defendant Charles Davis who then owned a Chevrolet automobile which was covered by a liability insurance policy issued by appellant Government Employees Insurance Company to him.

Appellants contend that ownership of the Ford automobile was not transferred to defendant Charles Davis before the accident and that the insurance policy written by plaintiff, which had not been canceled, continued to cover the operator and owner of the car against liability when the collision occurred. Registration of the car was then in the name of appellant Lawrence Davis, and a presumption of his ownership of it arises therefrom. (*Elfeld* v. *Burkham Auto Renting Co.*, 299 N. Y. 336.) "Lacking proof that title to a motor vehicle had previously actually been transferred, after it has been involved in an accident and has caused injury, the registered owner must be presumed to have been the owner thereof". (*Bornhurst* v. *Massachusetts Bonding & Ins. Co.*, 21 N Y 2d 581, 586.) The evidence fails to refute the presumption of Lawrence Davis' continued ownership of the car and fails to establish that Charles Davis had exclusive possession and control of it at the time of the accident.

On June 2, 1966, defendant Charles Davis signed an agreement to pay to Pamela Davis $2,775 for the purchase of the Ford

automobile. No time was stated for the transfer of the car. Both Charles and Lawrence Davis testified that Lawrence signed the transfer statement on the back of the renewal stub of his registration certificate but he did not fill in the date of disposition because at that time the car was not sold. He then handed the stub and one set of keys to Charles but kept a second set until June 29, 1966, " because it was still my car ". Lawrence's license plates remained on the car until July 13, 1966. The renewal stub was needed by Charles when the car would be inspected. The trial court fairly found from the evidence that both Lawrence and Charles testified that the following conditions had to be fulfilled before title to the car would pass to Charles. The car was to be inspected. Charles would secure necessary insurance. Charles would test drive the car. New license plates would be obtained by Charles. The trial court found, however, that these four conditions were conditions subsequent, which would defeat the existing obligation only in the event that they did not occur. The police accident report lists Lawrence Davis as owner of the car and Charles Davis as the driver. The facts neither rebut the presumption of Lawrence's continued ownership of the car nor do they establish that Charles was in exclusive control and possession of it. While Lawrence did let Charles take the car on June 2, 1966, he did not deliver the second set of keys, his license plates were still on the car, his insurance covered it and neither of them considered the automobile transferred at that time.

Judgment should be directed that plaintiff was at the time of the accident on June 4, 1966, the insurer of the Ford automobile and is obligated to defend the defendants Lawrence J. Davis, Pamela A. Davis, and Charles P. Davis in any action brought to recover damages arising therefrom, and plaintiff is liable to pay any judgment rendered against them up to the limits of its policy.

DEL VECCHIO, J. P., WITMER, GABRIELLI and HENRY, JJ., concur.

Judgment unanimously reversed on the law and facts with costs to appellants against respondent and judgment directed in accordance with the *Per Curiam* opinion.