OPINION OF THE COURT
John W. Grow, J.
On March 6, 1983, the defendant Louis De Lucas was served with a Family Court order directing, within 60 days, payment of $619.62 to his former wife for moneys she expended to purchase clothing for their children. The order was then duly entered as a transcript of judgment.
In this proceeding the plaintiff wife, Antoinette De Lucas Bova, seeks to compel her former husband to turn over a certain 1976 Buick automobile, pursuant to the property execution served upon him on May 12,1983. The defendant claims the automobile was not subject to execution because he had transferred same to his sister the day before the execution was served upon him.
The facts presented to this court concerning the purported sale compel the conclusion that this “sale” was not effective so as to divest the judgment debtor of ownership prior to the service of the execution.
When the execution was served upon Mr. De Lucas, his license plates were still on the vehicle, thus raising the presumption of ownership" (see United Servs. Auto. Assn. v *786 Spyres, 34 AD2d 181, affd 28 NY2d 631). While the certificate of title bears a transfer date of May 11, 1983, section 2113 of the Vehicle and Traffic Law also requires that the transferee promptly mail or deliver the application for a new certificate of title to the commissioner. Subdivision (c) of section 2113 specifically provides that “a transfer by an owner is not perfected so as to be valid against third parties generally until the provisions of this section * * * have been complied with”.
No proof was submitted on behalf of the judgment debtor that his sister mailed the application for a new certificate of title prior to the service of the property execution. The sister’s affidavit, submitted in opposition to this proceeding, merely states that she gave the title and insurance documents to her father for processing after she received the certificate of title from her brother on May 11. The presumption of the debtor’s ownership has not been rebutted.
This court, having found that the judgment debtor owned the automobile at the time of the property execution, directs that the judgment debtor deliver the automobile within five days of service of a copy of the order herein to the Sheriff of Onondaga County, or in the alternative, satisfy the judgment at that time. Plaintiff’s request for attorney’s fees is denied.